**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000512
07-FEB-2024
08:18 AM
Dkt. 90 SO**

NO. CAAP-22-0000512

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


A.S., Plaintiff-Appellee,
v.
J.S., Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV181006111)


## <u>SUMMARY DISPOSITION ORDER</u>
(Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

This appeal arises out of a family court case in which the underlying divorce and child custody rulings are not challenged on the merits. Defendant-Appellant J.S. appeals solely from the Order Re: Defendant's (1) Motion to Sanction Attorney David Hayakawa for Rules Violations Filed 9/28/21, and (2) Motion for Relief from Judgment Filed 1/20/22 (**Order**),

entered on July 29, 2022 by the Family Court of the First Circuit (**family court**).[1]

J.S. argues four points of error, which we consider in turn:[2]

(1) J.S. contends Judge Paek-Harris should have recused herself because there arose an appearance of bias due to A.S.'s counsel (**Hayakawa**) "'liking' photographs on the Judge's Facebook and Instagram pages during the litigation and especially during the divorce trial[.]"[3]  We review the family court's ruling for abuse of discretion.  DL v. CL, 146 Hawaiʻi 328, 336, 463 P.3d 985, 993 (2020).  "Decisions on recusal or disqualification present perhaps the ultimate test of judicial discretion and should thus lie undisturbed absent a showing of abuse of that discretion."  State v. Ross, 89 Hawaiʻi 371, 375, 974 P.2d 11, 15 (1998).

Hawaiʻi courts reviewing questions of disqualification and recusal apply a two-part analysis.  First, with respect to

---

[1]    The Honorable Elizabeth Paek-Harris (**Judge Paek-Harris**) presided.

[2]    J.S. also raises, but does not provide any discernible argument on the following point of error: "[t]he family court judge erred . . . in holding that [J.S.] should have discovered her social media sites, when she misled him in her pretrial disclosure."  "Points not argued may be deemed waived."  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7); see also Kahoʻohanohano v. Dep't of Hum. Servs., State of Haw., 117 Hawaiʻi 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008).  We therefore need not address this point.

[3]    Facebook and Instagram are social media platforms on which account holders may post messages and photos on their accounts to be shared with others.

judicial disqualification, "courts determine whether the alleged bias is covered by [Hawaii Revised Statutes (**HRS**)] § 601-7, which only pertains to cases of affinity or consanguinity, financial interest, prior participation, and actual judicial bias or prejudice." Kondaur Cap. Corp. v. Matsuyoshi, 150 Hawaiʻi 1, 10-11, 496 P.3d 479, 488-89 (App. 2021) (quoting Ross, 89 Hawaiʻi at 377, 974 P.2d at 17).

Second, with respect to judicial recusal, "if HRS § 601-7 does not apply, courts may then turn, if appropriate, to the notions of due process . . . in conducting the broader inquiry of whether circumstances . . . fairly give rise to an appearance of impropriety and . . . reasonably cast suspicion on [the judge's] impartiality." Id. at 11, 496 P.3d at 489 (cleaned up). "The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." Id. at 21, 496 P.3d at 499 (quoting Off. of Disciplinary Counsel v. Au, 107 Hawaiʻi 327, 338, 113 P.3d 203, 214 (2005)).

Judge Paek-Harris disclosed on record, at the start of the trial, the nature of her relationship with Hayakawa as follows,

> [T]he Court did want to make a disclosure on the record that it was from roughly about 2009 to 2010, when I was practicing law, I did share offices with Howard Luke.

> At the time [] Hayakawa was working with Mr. Luke as an associate. I was not affiliated with the firm. I was simply sharing an office with them. And I never co-counselled any cases with [] Hayakawa. My relationship when I shared offices was primarily with Mr. Luke.
>
> I made this disclosure to Mr. Waki [Fred Waki, **J.S.'s counsel**] at the Rule 16 conference last week Thursday. Asked him to consult with [J.S.] to see whether there would be any objections. And then on Friday Mr. Waki notified the Court that his client would likely not make any objections. And I just want to make sure that [J.S.] has had an opportunity to talk it over with Mr. Waki and think about it and then of course today state any objections, if he has any. I have no personal connection to any of the parties in this case, no personal knowledge of the facts of this case other than what I've reviewed in the record and heard from counsel during the Rule 16 conferences. I have no financial interest in the result of this case. I'm not related to any of the attorneys. Aside from the fact that I shared offices with [] Hayakawa during that one-year period, I don't have a social relationship with him, business or other professional relationship with him or Mr. Waki.
>
> . . . I do not believe that I have any personal bias or prejudice for or against a party in this case or the attorneys. And I can be fair and impartial in this case.

Following the above disclosure, J.S., who was represented by counsel at the time, affirmatively consented to Judge Paek-Harris's involvement in this matter.

We note the absence of record evidence supporting that Judge Paek-Harris is herself the owner of the social media accounts, or author of the social media posts, at issue. The record supports instead that Hayakawa "liked" social media posts on publicly accessible social media accounts belonging to Judge Paek-Harris's husband. J.S. does not challenge the numerous findings of fact about the absence of any evidence demonstrating an actual conflict. Unchallenged findings of fact

are binding on appeal.  See State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019).

"[A] judge is duty-bound *not* to withdraw where the circumstances do not fairly give rise to an appearance of impropriety and do not reasonably cast suspicion on his [or her] impartiality."  Kondaur, 150 Hawaiʻi at 22, 496 P.3d at 500 (quoting Ross, 89 Hawaiʻi at 377, 974 P.2d at 17) (cleaned up) (emphasis in original).  We conclude that Judge Paek-Harris did not abuse her discretion by not disqualifying or recusing herself from this case.

(2) J.S. contends that the family court erred by "failing to disqualify" Hayakawa for "liking" photographs on Judge Paek-Harris's social media accounts during the litigation. This argument is factually inaccurate because, as explained *supra*, the referenced social media accounts and posts belonged to Judge Paek-Harris's husband, not to Judge Paek-Harris.

"The disqualification of an attorney is a matter which rests within the sound discretion of the court."  Boyd v. Trent, 287 A.D.2d 475, 476 (N.Y. 2001) (citation omitted); see also Davis v. Wholesale Motors, Inc., 86 Hawaiʻi 405, 425, 949 P.2d 1026, 1046 (App. 1997) (reviewing denial of motion to disqualify attorney under the abuse of discretion standard).  We conclude, on this record, that the family court did not abuse its

discretion in denying J.S.'s request for the disqualification of Hayakawa.

(3) J.S. contends that the family court erred because Judge Paek-Harris used her own personal knowledge to rule on his Motion for Relief From Judgment. J.S.'s contention lacks merit. "The jurist requested to recuse himself [or herself] is the most capable to determine those factors . . . which would bear upon his or her capability to maintain the impartiality that each matter must receive." TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 252, 990 P.2d 713, 722 (1999) (cleaned up). We conclude that Judge Paek-Harris did not abuse her discretion by considering personal facts that were directly relevant, and applying these facts to the objective disqualification and recusal standard.

(4) J.S. contends that Judge Paek-Harris "held no evidentiary hearing on the issue [of disqualification or recusal] and just denied the allegation without further hearing, apparently based upon her own personal knowledge." J.S.'s contention is factually incorrect. On March 17, 2022, the family court held a hearing on J.S.'s Motion for Relief From Judgment. The family court heard J.S.'s allegations, and considered the admissible evidence, in support of J.S.'s motion prior to issuing its Order.

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

For the foregoing reasons, the Family Court of the First Circuit's Order Re: Defendant's (1) Motion to Sanction Attorney David Hayakawa for Rules Violations Filed 9/8/21, and (2) Motion for Relief from Judgment Filed 1/20/22, entered on July 29, 2022, is affirmed.

DATED:  Honolulu, Hawai'i, February 7, 2024.

On the briefs:

Earle A. Partington,
for Defendant-Appellant.

David M. Hayakawa,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge