**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000175
25-NOV-2025
08:26 AM
Dkt. 183 SO**

NO. CAAP-25-0000175

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


W.G., Plaintiff-Appellee, v.
D.S., Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
HILO DIVISION
(CASE NO. 3DV121000235)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

Defendant-Appellant D.S. (**Mother**), self-represented, appeals from the "Order on Hearing Held on February 13, 2025" (**Custody Order**) entered on February 13, 2025, by the Family Court of the Third Circuit (**Family Court**).[1] Pursuant to the Custody Order, the Family Court awarded temporary sole physical and legal custody of the minor child T.G. (**Child**) to Plaintiff-Appellee W.G. (**Father**).

On appeal, Mother appears to assert thirty-five points of error, many of which are duplicative and difficult to discern. In sum, Mother contends that the Family Court erred in entering the Custody Order, including by failing to allow the Child to testify, or to otherwise obtain her "consent," during custody proceedings.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues

---

[1] The Honorable Jeffrey W. Ng presided.

raised and the arguments advanced by Mother,[2] we resolve her contentions as follows, and vacate.

## I.  Background

Mother and Father were divorced pursuant to a Divorce Decree entered on June 5, 2014.  They have one child, born in 2009.  Mother was awarded legal and physical custody of the Child, and Father was awarded visitation rights.

On January 27, 2022, Mother obtained a temporary restraining order (**TRO**) against Father on behalf of herself and the Child.  After conducting an evidentiary hearing, the Family Court dissolved the TRO, and Mother appealed.  On appeal, this court affirmed the Family Court's order dissolving the TRO.  DS v. WG, No. CAAP-22-0000507, 2023 WL 5037333, *1 (Haw. App. Aug. 8, 2023) (SDO).

On August 3, 2022, Father filed a motion for post-decree relief, requesting that he be awarded legal and physical custody of the Child.  Father alleged that "Mother has effectively cut the Father off from having visitation and contact," Father had not seen the Child in over six months, and the Child was educationally neglected.  The Family Court held evidentiary hearings on Father's motion on August 24, 2023, September 27, 2023, October 26, 2023, November 30, 2023, and May 29, 2024.

On June 19, 2024, the Family Court issued an order concluding that it was "in the best interests of Child that Mother maintain sole legal and physical custody" of the Child, and also that it was "in [the Child]'s best interests to reestablish contact and reunify with Father."  The Family Court ordered the Child to engage in reunification therapy with an approved therapist, and stated "[a]ny action by either party to discourage and/or inhibit and/or to prevent the therapeutic reunification process . . . is not in [the Child's] best interests and may be considered a form of extremely [sic]

_____

[2]   On August 20, 2025, the appellate clerk issued a notice of default of answering brief to Father's counsel of record.  No answering brief has been filed.

2

psychological abuse." The order provided that the Child was to have visits with Father "as therapeutically recommended."

On September 16, 2024, Father filed a motion for post-decree relief, requesting that he be awarded temporary physical custody, with the parties to share legal custody, on the ground that Mother had refused to comply with the June 19, 2024 order requiring reunification therapy. Father submitted a letter from a reunification therapist stating that Mother first refused to respond to the therapist's emails, then responded by stating that she was refusing to discuss next steps in the reunification process. On October 11, 2024, Mother submitted a motion in response to Father's motion for post-decree relief, which argued that the Child was opposed to, and should not be forced into, reunification therapy with Father.[3]

On October 14, 2024, the Family Court issued an order to the Hawaiʻi Department of Human Services (**DHS**) stating that the court was concerned about Mother's failure to comply with its June 19, 2024 reunification order, and ordered DHS to investigate the matter and submit a report to the court. After interviewing Father, Mother, and the Child, and reviewing a prior Child Welfare Services investigation, DHS filed a report on December 16, 2024 stating that it was "unable to make recommendations regarding reunification therapy or custody as there are no identified safety issues present."

On January 15, 2025, the Family Court entered an order finding that Mother's failure to comply with its June 19, 2024[4] order and her stated unwillingness to comply with that order in the future were not in the Child's best interests, and granted Father "temporary sole legal custody on any and all matters relating to the reunification process and therapy with the [Child]."

---

[3] On December 12, 2024, Mother also filed an "(Updated) Motion to Hear Minor,15, Does Not Consent to Reunification Therapy, HRS 577D," which attached an alleged statement from the Child stating that she did not consent to reunification therapy, and a letter from the Child's physician stating that the Child informed her that she did not consent to reunification therapy.

[4] The order mistakenly identified the court order entered on June 19, 2024, as entered on June 4, 2024.

At a February 13, 2025 status conference, Mother again stated her opposition to the court-ordered reunification therapy. The Family Court entered the Custody Order, finding that Mother's failure to comply with its prior orders regarding the Child's reunification therapy with Father "constitute[s] extreme psychological abuse of the . . . [C]hild." The court further found that it was in the Child's best interest that Father be awarded temporary sole legal and physical custody, and ordered Mother to immediately deliver the Child to Father.

This appeal followed.

## II. Discussion

The points of error (**POE**s) in Mother's opening brief fail to comply with Hawai‘i Rules of Appellate Procedure Rule 28(b)(4), because they are not set forth in numbered paragraphs, do not include references to where in the record the alleged errors occurred, and do not state where in the record Mother objected to the alleged errors. Many of the POEs are also difficult to discern or fail to allege a legal or factual error by the Family Court.[5] Nevertheless, we have "consistently

---

[5] As best we can discern, Mother appears to contend that the Family Court erred:

- by failing to allow the Child to testify at any of the hearings held in the case (POEs 1, 4, 29, and 33);

- in the Custody Order, by ordering a change in custody without an evidentiary hearing (POE 2);

- "when it decided a 'permanent plan' §587A-32, that the [Custody Order] marked the 'Termination of [Mother]/Sole Legal and Physical Custodial's [sic] parental rights'" (POE 3);

- by proceeding without the Child's consent to the "permanent plan" (POE 5);

- when it refused "to admit or hear piles of *LEGALLY ADMISSIBLE EVIDENCE [sic]," without specifying the evidence the Family Court refused to entertain (POE 6).

- "when it refuses to apply laws to our case," without specifying the laws the court allegedly failed to apply (POE 8).

Mother's remaining points of error are either unintelligible or fail to allege a legal or factual error by the Family Court. Rather, they consist primarily of criticisms or negative characterizations of the purpose or consequences of the Custody Order.

4

adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan v. Planning Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).

Here, we are hindered from addressing the merits of Mother's appeal by the Family Court's failure to enter the requisite findings of fact and conclusions of law to enable meaningful appellate review. Hawaiʻi Family Court Rules (**HFCR**) Rule 52(a) (2022) provides that once a notice of appeal is filed in a family court proceeding, the court must enter findings of fact and conclusions of law, unless the court's written decision contains them.[6] See DL v. CL, 146 Hawaiʻi 328, 338, 463 P.3d 985, 995 (2020) (stating that "[t]he plain language of HFCR Rule 52(a) . . . requires a family court to enter findings of fact and conclusions of law after a notice of appeal is filed, unless it has previously entered a written decision containing findings of fact and conclusions of law.").

Here, the Custody Order states, in relevant part:

> 1. The Court finds that Mother's failure to comply with the Court's prior orders (June 19, 2024, Order Regarding Plaintiff's Motion for Post-Decree Relief Filed August 13, 2024, [sic] as Dkt. No. 573; and January 15, 2025, Order on Hearing Held on December 10, 2024, [sic] as Dkt. No. 632) regarding reunification between the Father and the subject minor child constitute extreme psychological abuse of the subject minor child.
>
> 2. The Court finds that it is in the subject minor child's best interest that [Father], be awarded temporary sole physical and legal custody of the . . . [Child].
>
> 3. [Mother] is ordered to deliver the child to [Father] on February 13, 2025 . . . .

Paragraphs 1 and 2 appear to constitute the findings on which the

---

[6] HFCR Rule 52(a) states, in relevant part:

> In all actions tried in the family court, the court may find the facts and state its conclusions of law thereon or may announce or write and file its decision and direct the entry of the appropriate judgment; except upon notice of appeal filed with the court, the court shall enter its findings of fact and conclusions of law where none have been entered, unless the written decision of the court contains findings of fact and conclusions of law.

(Emphasis added.)

Custody Order is based. No separate findings of fact and conclusions of law were entered by the Family Court following Mother's appeal.

In reviewing the Custody Order, we note the following deficiencies in the court's findings. The Family Court found that Mother's failure to comply with the reunification orders "constitute[d] extreme psychological abuse of the subject minor child," without describing any evidence supporting that conclusion. The Family Court determined it was in the Child's best interest that Father be awarded temporary sole physical and legal custody without referring to or analyzing any of the "best interests of the child" factors and considerations set forth in HRS § 571-46(a). Moreover, the Custody Order failed to address HRS § 571-46(a)(3), which states that "[i]f a child is of sufficient age and capacity to reason, so as to form an intelligent preference, the child's wishes as to custody shall be considered and be given due weight by the court." Here, the Child was over fifteen years old at the time of the February 13, 2025 Custody Order, yet the order does not address Mother's claim that the Child did not consent to reunification therapy with Father.

In In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 465 P.3d 908 (2020), the Hawaiʻi Supreme Court ruled that "when the lower court has failed to issue the requisite findings of fact to enable meaningful appellate review, it is not the function of the appellate court to conduct its own evidentiary analysis." Id. at 465, 465 P.3d at 912 (citing Goo v. Arakawa, 132 Hawaiʻi 304, 317, 321 P.3d 655, 668 (2014) and Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 383-84 (2008)). Here, we cannot discern the evidence relied upon by the Family Court, or the legal analysis it employed to make its "bests interests" determination. Accordingly, we vacate the February 13, 2025 Custody Order. See id. at 475, 465 P.3d at 922.

For the reasons discussed above, the "Order on Hearing Held on February 13, 2025," entered on February 13, 2025, by the Family Court of the Third Circuit, is vacated, and the case is

remanded for further proceedings consistent with this Summary Disposition Order.

It is further ordered that the November 10, 2025 motion for retention of oral argument and all other pending motions are denied.

DATED:  Honolulu, Hawaiʻi, November 25, 2025.

On the brief:

D.S.,
Self-represented Defendant-
Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge